UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA                CRIMINAL ACTION NO. 09-00246-02

VERSUS                                  CIVIL ACTION NO. 11-00008

ANTONIO C. CHURCH                       JUDGE S. MAURICE HICKS, JR.

### MEMORANDUM RULING

Before this Court is a Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 96) filed by the Petitioner, Antonio C. Church ("Church"). Church seeks an order from the Court vacating his guilty plea and sentence, or remanding the case for re-sentencing, or granting his request for an evidentiary hearing on the ground that he received ineffective assistance of counsel. For the reasons set forth below, Church's motion is **DENIED**.

### BACKGROUND

Church was indicted in a nine-count indictment in which he was charged with two counts of being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and (2) (Counts 1, 5); with one count of possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2 (Count 7); and with one count of possession of firearms in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and (2) (Count 8). The indictment also included one count of forfeiture of the firearms listed in the various counts of the indictment (Count 9). See Record Document 1.

Church entered a guilty plea to Counts 7 and 8, pursuant to a written plea

agreement. See Record Documents 67. The district court sentenced defendant to 12 months imprisonment as to Count 7 and 60 months consecutive as to Count 8 for a total term of 72 months imprisonment with credit for time served. See Record Document 75. The judgment was entered on April 30, 2010. Church did not appeal, but now files a timely motion to vacate under 28 U.S.C. § 2255 on January 4, 2011. See Record Document 96.

## LAW AND ANALYSIS

After conviction and exhaustion of a defendant's right to appeal, the Court is "entitled to presume that the defendant stands fairly and finally convicted." U.S. v. Shaid, 937 F.2d 228, 231-32 (5th Cir. 1991), quoting U.S. v. Frady, 456 U.S. 152, 164, 102 S.Ct. 1584, 1592 (1982). "Our trial and appellate procedures are not so unreliable that we may not afford their completed operation any binding effect beyond the next in a series of endless post conviction collateral attacks. To the contrary, a final judgment commands respect." Frady, 456 U.S. at 164-65, 102 S.Ct. at 1593. Consequently, issues that can be presented in a motion filed under 28 U.S.C. § 2255 are limited. A defendant can challenge a final conviction only on issues of constitutional or jurisdictional magnitude. See Shaid, 937 F.2d at 232. As the Fifth Circuit has stated:

> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice. Nonconstitutional claims that could have been raised on direct appeal, but were not, may not be asserted in a collateral proceeding.

U.S. v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992) (citations omitted).

Even if a defendant has issues that are constitutional or jurisdictional in nature, he may be procedurally barred from raising them. In order to raise an issue for the first time

on collateral review, a defendant must show both "cause" for his procedural default and "actual prejudice" resulting from the error. Id. at 168. To establish "cause," a defendant must show some external impediment prevented him from raising the claim on direct appeal. See U.S. v. Flores, 981 F.2d 231, 235 (5th Cir. 1993). In order to meet the "actual prejudice" test, he must demonstrate not just the possibility of prejudice, "but an actual and substantial disadvantage, infecting his entire trial with error of constitutional dimension." Shaid, 937 F.2d at 233.

A narrow exception to the "cause and actual prejudice" requirement exists in extraordinary cases "in which a constitutional violation has probably resulted in the conviction of one who is actually innocent." Id. at 232. The Supreme Court has emphasized that this exception is limited to only those cases involving "manifest miscarriages of justice" that would result in the continued incarceration of an innocent person.[1]  Id., citing Smith v. Murray, 477 U.S. 527, 537, 106 S.Ct. 2661, 2649 (1986).

## I.      Ineffective Assistance of Counsel.

The general rule prohibiting a defendant from raising claims on collateral review absent "cause" and "actual prejudice" does not apply to claims of ineffective assistance of counsel. Massaro v. United States, 538 U.S. 500, 504, 123 S.Ct. 1690, 1693, 155 L.Ed. 2d 714 (2003). This "procedural-default rule is neither a statutory nor constitutional requirement, but it is a doctrine adhered to by the courts to conserve judicial resources and

---

[1]To establish "actual innocence" in a case where the petitioner entered a plea of guilty, he must demonstrate that "in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998), citing Schlup v. Delo, 513 U.S. 298, 327-28, 115 S.Ct. 851, 867-68, 130 L.Ed.2d 808 (1995).

to respect the law's important interest in the finality of judgments." Id. at 503. Requiring a criminal defendant to bring claims of ineffective assistance of counsel on a direct appeal does not promote these objectives. Id. A claim of ineffective assistance of counsel cannot be properly resolved on appeal because there has been no opportunity to develop the record on the merits of these allegations. United States v. Alanis, 88 Fed. Appx.15, 19 (5th Cir. 2004). Thus, a criminal defendant is permitted to bring ineffective assistance of counsel claims in a collateral proceeding under § 2255, regardless of whether such claims could have been raised on direct appeal. Id.

To prevail on claims of ineffective assistance of counsel, Church must prove (1) that his counsel's actions fell below an objective standard of reasonableness and (2) that his counsel's ineffective assistance was prejudicial. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bryant v. Scott, 28 F.3d 1411, 1414-15 (5th Cir. 1994). Under the first prong of the Strickland analysis, Church must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. The court is to presume that the attorney's actions are encompassed within the wide range of reasonable competence and fall under the ambit of trial strategy. The defendant may overcome this presumption only by showing that under the "totality of the circumstances," the attorney's performance was "outside the wide range of professionally competent assistance." Id., 466 U.S. at 690, 104 S.Ct. at 2066.

Under the second prong of the Strickland test, Church must show "that there is a reasonable probability that, but for counsel's specified errors, the result of the proceeding would have been different." Murray v. Maggio, 736 F.2d 279, 282 (5th Cir. 1984). "A

reasonable probability is a probability to undermine confidence in the outcome." Strickland, 466 U.S. at 690, 104 S.Ct. at 2066. Church must demonstrate that the attorney's actions "were so serious as to render the proceeding unreliable and fundamentally unfair." United States v. Saenz-Forero, 27 F.3d 1016 1021 (5th Cir. 1994) citing Lockhart v. Fretwell, 506 U.S. 364, 372, 113 S.Ct. 838, 844, 122 L.Ed.2d 180 (1993). If Church fails to establish either prong of the Strickland test, his claim of ineffective assistance of counsel must be denied. See Tucker v. Johnson, 115 F.3d 276, 280 (5th Cir. 1997); Bryant v. Scott, 28 F.3d 1411, 1415 (5th Cir. 1994); Williams v. Collins, 16 F.3d 626, 631 (5th Cir. 1994).

### a. Allowing Church to Plead Guilty in Light of Bailey

In his § 2255 motion (Record Document 96), Church claims that he received ineffective assistance of counsel when his attorney allowed him to plead guilty to Count 8 of the Indictment (Record Document 1). The charge under Count 8 was "possession of firearms in relation to drug trafficking" under 18 U.S.C. § 924(c). See Record Document 1. Church argues that under Bailey v. United States, 516 U.S. 137 (1995), the Government needed to prove that he had actively employed the firearm during the predicate offense, and that because the Government could not have done so, his attorney, in allowing him to plead guilty to Count 8, was acting in a manner below an objective standard of reasonableness. See Record Document 96. This argument is completely without merit.

After the Supreme Court's decision in Bailey, Congress amended 18 U.S.C. § 924(c) to provide specifically that in addition to "using" or "carrying" firearms "during and in relation to" a drug trafficking crime, "possession" of firearms "in furtherance of" a drug trafficking crime constitutes a violation of § 924(c). At the change of plea hearing, the Court correctly

explained all manners by which a defendant can violate § 924(c) by either using, carrying, or possessing the firearm. See Record Document 100. It is clear to the Court that Church has a pronounced misunderstanding of the law, and that he has failed to show that his attorney was acting in a professionally deficient manner by not raising the Bailey issue.

**b. Failure to File Notice of Appeal**

Church claims that, after sentencing, he instructed his attorney to file an appeal on his behalf. See Record Document 96. Church argues that, under Roe v. Flores-Ortega, 528 U.S. 470, 160 F.3d 534 (2000), his attorney's failure to file a notice of appeal fell below an objective standard of reasonableness. See Record Document 96. However, the court in Roe held that "[c]ounsel performs in a professionally unreasonable manner *only by failing to follow the defendant's express instructions* with respect to an appeal." Id. at 478 (emphasis added). In order for his claim to qualify under Roe, Church must show that he requested an appeal be filed. Id. at 485.

In the instant case, Church offers little more than a self-serving allegation that he requested an appeal be filed. See Record Document 96. Church also provides his unsigned copy of legal correspondence from his attorney which states that his attorney saw no basis for an appeal, followed by a space for Church to sign his name in concurrence with the opinion that no appeal should be filed. See Record Document 96. However, Church offers no evidence, only allegations, that he requested an appeal be filed.

The Fifth Circuit Court of Appeals in United States v. Harger, 354 Fed. Appx. 151 (5th Cir. 2009) held that a district court clearly errs when it fails to hold an evidentiary hearing on a § 2255 motion when the defendant "declares under penalty of perjury that he

Page 6 of 10

explicitly instructed his lawyer to [file a notice of appeal]" and the Government's evidence "does not contradict [the defendant's] sworn statement". In the instant case, Church's attorney has provided an affidavit which states that Church never requested an appeal be filed, as well as a copy of the aforementioned legal correspondence signed by Church. See Record Document 102-2. This evidence directly contradicts Church's allegations. Under these circumstances, the Court finds Harger and Roe to be inapplicable, and therefore the Court has no basis to find that Church's attorney was acting in a professionally deficient manner, and thus Church's claim must fail.

### c. Failure to File a Motion to Suppress Evidence

Church claims that he received ineffective assistance of counsel when his attorney failed to move to suppress the physical evidence against him. See Record Document 96. Specifically, Church argues that he "was not at the residence when the search warrant was executed", that he "was not the individual that sold the undercover police drugs", and that "the house in question where the drugs and guns were located were not in the petitioner's name or any of his close family members." See Record Document 96. From this Court's review, Church appears to be making a sufficiency of the evidence argument. However, Church waived this argument by pleading guilty. See United States v. Stevens, 487 F.3d, 232 (5th Cir. 2007); United States v. Bell, 966 F.2d 914 (5th Cir. 1992). During his guilty plea hearing, this Court specifically asked Church if he thought the Government could prove him guilty beyond a reasonable doubt on both counts he was pleading to. See Record Document 100. Church stated "Yes, sir" to both counts after the elements of the offense were read to him. See Record Document 100. Church's arguments must fail as

a matter of law.

Nonetheless, even if Church was arguing a Fourth Amendment violation, and he hadn't waived this argument, his arguments would still fail. Church does not specify the legal basis for his arguments, nor does he offer support for why these circumstances would merit a suppression of the evidence against him. If Church is implying that his Fourth Amendment rights were violated in some way, it is his burden to prove that "the issue is meritorious and that the evidence would be excludable." See Ward v. Dretke, 420 F.3d 479, 488 n.19 (5th Cir. 2005). Church's § 2255 motion is devoid of any such proof. As such, this Court finds that Church has failed to show that a motion to suppress would have been successful, and so he has not demonstrated that he was prejudiced by his attorney's actions.

The filing of pre-trial motions, such as motions to suppress and motions to quash, is one of numerous decisions which counsel must make as part of trial strategy. Murray v. Maggio, 736 F.2d 279, 281 - 283 (5th Cir. 1984); Schwander v. Blackburn, 750 F.2d 494, 500 (5th Cir. 1985). Strategic decisions are viewed with considerable "deference commensurate with the reasonableness of the professional judgments on which they are based." Strickland v. Washington, 466 U.S. at 681. In the instant case, Church asserts no valid basis upon which his attorney could have moved to suppress the evidence. Nowhere in his § 2255 motion does Church challenge the validity of the search warrant or allege that the Government otherwise violated any of his rights in obtaining the evidence. The Court finds that Church has not overcome the presumption that his attorney's actions were part of trial strategy, and thus there is no indication that his attorney was acting in a

professionally deficient manner. Again, Church's claim must fail.

## II. Evidentiary Hearing

28 U.S.C. § 2255(b) requires the court to hold an evidentiary hearing on a defendant's claim, "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." In the instant case, it is clear to the Court, after a thorough review of the record and applicable jurisprudence, that Church is entitled to no relief, and therefore an evidentiary hearing is unwarranted.

## CONCLUSION

The Court finds that Church's claims of ineffective assistance of counsel are without merit. See 18 U.S.C. § 924(c); Roe v. Flores-Ortega, *supra*; United States v. Harger, *supra*; Ward v. Dretke, *supra*. Furthermore, because Church is entitled to no relief, the Court finds that an evidentiary hearing regarding his claim is unwarranted. See 28 U.S.C. § 2255(b). Accordingly, Church's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 (Record Document 96) be and is hereby **DENIED WITH PREJUDICE**.

Pursuant to Rule 11(a) of the Rules governing § 2255 proceedings for the United

States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. "Before entering the final order, the court *may* direct the parties to submit arguments on whether a certificate should issue." Rule 11(a) Rule Governing Section 2255 Proceedings for the United States District Courts (emphasis added). Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals.

In this instance, a certificate of appealability is **DENIED** because the applicant has failed to demonstrate a substantial showing of the denial of a constitutional right.

An order consistent with the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, this 18th day of October, 2011.

_____
S. MAURICE HICKS, JR.
UNITED STATES DISTRICT JUDGE